**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-01705-RM-NYW

kerman-ray of the house of carr, and
priscilla of the house of carr,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER; STATE OF COLORADO;
ALEX MARTINEZ; STEPHANIE O'MALLEY;
ROBERT WHITE; GARY WILSON; CONNIE COYLE;
ROGER COBB; GEORGE GATCHIS; IAN CULVERHOUSE;
KEVIN LIPPARD; MICHAEL MCDANIEL;
ROSS MICKELSON; WILBUR MURRAY; and EVAN LEE,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the "Claim"[1] (ECF No. 41) filed by Plaintiffs kerman-ray of the house of carr and priscilla of the house of carr, who call themselves "Claimants."[2] The Claim was filed in response to the Court's Order of October 24, 2016 (ECF No. 36), directing Claimants to file an amended complaint which meets the requirements of Fed. R. Civ. P. 8 or to show cause why the Court should not dismiss this action without prejudice. Having reviewed Plaintiffs' amended complaint, along with its attachments, the Court finds the amended

---

[1] Claimants call their amended complaint a "Claim." But, under Fed. R. Civ. P. 3, a "complaint" is filed with the court. According, the Court construes Claimants' Claim as their amended complaint.

[2] Claimants have represented they require their names to be addressed in a certain manner due to religious and personal conviction. (ECF No. 41, page 3.) Assuming, for the sake of argument, that any such religious conviction exists and requires Claimants to be addressed as such, the Court will address the carrs as "Claimants" in this Order. The Court notes, however, that Claimants spelled their names with the first letter capitalized in their Affidavit of Truth. (ECF No. 41-1.)

complaint fails to meet the requirements of Rule 8 and dismissal is warranted under D.C.COLO.LCivR 41.1.

Specifically, Rule 8(a) requires that a pleading must contain (1) a short and plain statement of the court's jurisdiction; (2) a short and plain statement of the claim or claims showing the pleader is entitled to relief; and (3) a demand for the relief sought. As Magistrate Judge Wang previously advised Claimants (ECF No. 8, page 3), to state a claim, a plaintiff (here, Claimants) must explain (1) what each defendant did to him or her; (2) when each defendant did it; (3) how each defendant's action harmed him or her; and (4) what specific legal right each defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In determining the sufficiency of Claimants' pleading, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

    **1. Jurisdiction.**

Starting with the Court's jurisdiction, under "Jurisdictional Allegations and Notice" (ECF No. 41, page 3 at ¶ 9), Claimants allege this is an action for money damages, injunctive relief, and equitable relief in excess of $75,000.00. If Claimants are relying on diversity jurisdiction, their allegations are insufficient. 28 U.S.C. § 1332 (requiring the amount in controversy to be in excess of $75,000 and between citizens of different States). Nonetheless, liberally construed, Claimants' Second Claim for Relief is stated to be for violation of due process under the United States Constitution. Accordingly, the Court assumes that federal question jurisdiction is also invoked.

## 2. Statement of Claims Showing Entitlement to Relief

Next, a review of the amended complaint shows Claimants fail to provide short and plain statements of their claims showing they are entitled to relief. The amended complaint consists of 43 pages and numerous exhibits consisting of 122 pages, for a total of 165 pages. Generally, Claimants' amended complaint appears to be based on allegations of Defendants' seizure of Claimants' property; Claimants' demand for the return of such property; and Defendants' refusal to do so. (ECF No. 41, e.g., ¶¶ 20, 21, 29.) Apparently at issue are Claimants' declination or refusal to pay licensing, registration and/or other fees before the property would be returned. (ECF No. 41, ¶ 32.a.)

Claimants' amended complaint names 15 Defendants,[3] two entities and 13 individuals, and asserts 11 claims for relief. Although the names of the individuals are given, most Defendants' status or relationship to the alleged seizure of Claimants' property is unknown. Allegations that the individual Defendants were employed by Defendants "City and County of Denver and/or State of Colorado" are insufficient. (ECF No. 41, page 17, ¶41(j).) Instead, to make such a determination would appear to require a search through the exhibits, which the Court will not undertake; it is the responsibility of Claimants to clearly identify the parties, who they are, and who did what. *See New Mexico Off-Highway Vehicle Alliance v. U.S. Forest Serv.*, 645 F. App'x 795, 803 (10th Cir. 2016) (it is not the court's duty to scour the record).

Despite being 43 pages, the amended complaint also fails to sufficiently identify why each Defendant is liable. Except for the Eighth Claim which is directed against "Wrongdoers #1, #2, #10 – George Gatchis & #14 – Wilbur Murray," all claims are directed against all

---

[3] Claimants refer to Defendants, *see* Fed. R. Civ. P. 4, as "wrongdoers."

Defendants. With few exceptions, Claimants lump the individual Defendants together (and, frequently, with the entity Defendants) as "wrongdoers" with bare, conclusory allegations devoid of factual enhancement. Perhaps the bases for each claim against each Defendant may be cobbled together through Claimants' exhibits coupled with the amended complaint, but it is not the Court's task to attempt to do so. The burden falls on Claimants to show they have sufficiently stated plausible claims against each Defendant.[4]

Even in those limited instances where Claimants have identified a specific Defendant or a specific rationale for holding such Defendant liable, there are insufficient factual allegations to support any asserted liability. For example, Claimants assert, in a conclusory manner, that "Wrongdoers #1 [Denver] & #2 [Colorado]" "construct statutes and authorize[d] the actions of Wrongdoers #3-#15" such that they are liable for alleged violation of due process. (ECF No. 41, page 19, ¶ 44(d).) Neither the statutes nor who authorized whom (or the basis of such authority) are alleged. The amended complaint is replete with similar allegations. (ECF No. 41, page 20 at ¶ 47(c), page 22 at ¶50(g), *passim*.)

Moreover, aside from the lack of factual averments, some claims otherwise also fail for lack of legal support.[5] For example, Claimants' Seventh Claim is for discrimination – based on allegations that Claimants suffered from discrimination because they "do not belong to the same political and corporate body and subdivision as Wrongdoers" as Claimants have allegedly "rescinded their Social Security contract and Drive License contract with all government/municipal agencies." (ECF No. 41, page 29 at ¶ 60 (b)(3) – (b)(5) & ¶ 60(d).)

---

[4] And, even if such claims could be cobbled together, such fact only serves to demonstrate the insufficiency of the allegations in the amended complaint.
[5] Indeed, they are also frivolous.

Similarly, Claimants' Tenth Claim is for breach of contract, which contract allegedly arises from government agencies' and employees' sworn oath to support the Constitution.  (ECF No. 41, page 37 at ¶¶ 68(d) & (e).)  Accordingly, on this record, it is **ORDERED**

(1) That Claimants' "Claim" (ECF No. 41) is **DISMISSED** without prejudice; and

(2) That the Clerk of the Court is directed to close this case.

DATED this 8th day of December, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge